United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                              Case No. 18-12378-mdc
Diane C. Simmons                                                                    Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: Virginia         Page 1 of 1              Date Rcvd: Jul 22, 2020
                             Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 24, 2020.
db             +Diane C. Simmons,    1206 S. 21st Street,    Philadelphia, PA 19146-4322

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 24, 2020                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 22, 2020 at the address(es) listed below:
          CHRISTIAN A. DICICCO    on behalf of Debtor Diane C. Simmons cdicicco@myphillybankruptcylawyer.com,
           christianadicicco@gmail.com;r57075@notify.bestcase.com
          REBECCA ANN SOLARZ    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
           Christiana Trust, not individually but as trustee for Hilldale Trust bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                              TOTAL: 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Diane C. Simmons<br>　　　　Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust<br>　　　　Movant<br>vs. | NO. 18-12378 MDC |
| Diane C. Simmons<br>　　　　Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through June 1, 2020.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due July 1, 2020 in the amount of $663.42.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.  The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date:   June 11, 2020                              By: /s/ Rebecca A. Solarz, Esquire
                                                            Attorney for Movant

Date:  July 7, 2020                                /s/Christian A. DiCicco, Esquire
                                                            Christian A. DiCicco, Esquire
                                                            Attorney for Debtor

No Objection:

Date:  7/14/20                                      _____
                                                            William C. Miller, Esquire
                                                            Chapter 13 Trustee

Approved by the Court this  22nd  day of _____ July _____, 2020. However, the court retains discretion regarding entry of any further order.

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge